IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY J. LANERI, III, # R0205**                                                                 **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 1:13cv238-HSO-RHW**

**CHRISTOPHER EPPS and STATE OF
MISSISSIPPI**                                                                                     **RESPONDENTS**

MEMORANDUM OPINION AND
ORDER DISMISSING NON-HABEAS CLAIMS

This matter is before the Court *sua sponte* on consideration of *pro se* Petitioner Henry J. Laneri, III's Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254.  He is incarcerated with the Mississippi Department of Corrections and challenges both his sentence and conditions of confinement.  The Court has considered and liberally construed the pleadings.  As set forth below, the conditions of confinement claims are dismissed without prejudice.

Laneri is a state inmate currently housed at South Mississippi Correctional Institution.  On June 17, 2013, he paid the $5.00 filing fee for this habeas action.  The Petition challenges his sentence for possession of a controlled substance.  He also complains of his conditions of confinement, including an alleged failure to treat certain medical conditions.  He expressly invokes § 2254 and seeks accelerated release "and further relief as this Court may deem just and proper." (Pet. at 27).

Laneri's challenge to his sentence is cognizable as a habeas claim under § 2254.  28 U.S.C. § 2254(a).  Since success on this claim would automatically entitle

him to accelerated release, it is properly brought as a habeas action. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

On the other hand, the remaining challenges all contest his conditions of confinement. Since "a favorable determination on these issues would not automatically entitle [Laneri] to accelerated release," then the proper vehicle is a civil lawsuit. *Id.* Habeas review "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). Therefore the remaining claims are not proper in this § 2254 action.

The Court has considered the matter and is of the opinion that the conditions of confinement claims should be dismissed from this habeas action. This dismissal is without prejudice to Laneri's right to re-file these claims in a separate civil action. The habeas claims shall proceed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, the conditions of confinement claims are **DISMISSED WITHOUT PREJUDICE**. The habeas claims shall proceed.

**SO ORDERED AND ADJUDGED**, this the 20th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE