IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY J. LANERI, III   #R0205**                                                            **PETITIONER**

**VERSUS**                                                                      **No. 1:13cv238-HSO-RHW**

**CHRISTOPHER EPPS**                                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the Court are [1] the petition for federal habeas corpus relief filed June 4, 2013 by Petitioner Henry J. Laneri, III,  pursuant to 28 U.S.C. § 2254, [10] Respondents' July 9, 2013 FED.R.CIV.P. 12(b) motion to dismiss the petition for failure to state a claim, and [11] Petitioner's July 18, 2013 response to the motion.  Upon review and consideration of the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that the motion to dismiss should be granted.

## FACTS AND PROCEDURAL HISTORY

On June 13, 2011, Henry J. Laneri, III pled guilty to Possession of a Controlled Substance in the Circuit Court of Hancock County, Mississippi, and was sentenced to serve a term of eight (8) years in the Mississippi Department of Corrections (MDOC), with credit for time served. [10-2]  He is currently incarcerated at South Mississippi Correction Institution (SMCI) in Leakesville, MS for that crime.[1]  Laneri's petition does not challenge the conviction or the sentence imposed; it asserts that MDOC has violated his constitutional rights by denying him a parole eligibility date because, according to Laneri, the MDOC has erroneously classified his prior conviction of burglary of a dwelling as a violent crime precluding parole under

---

[1] Laneri is also confined on a Pearl River County January 2012 guilty plea and conviction of possession of contraband in a correctional facility, for which he was sentenced to eight years, with two years to serve and six years on post-release supervision, to run concurrently with the Hancock County sentence.  [10-3]

Mississippi law.² Because MDOC has given him no parole eligibility date, Laneri claims he is being held illegally and he seeks release from MDOC custody.

On June 20, 2013, the Court issued an order *sua sponte* dismissing several non-habeas claims asserted in the petition concerning the conditions of his confinement. [5] The following analysis addresses only the remaining federal habeas claims.

## LAW AND ANALYSIS

Federal habeas relief for a person in custody pursuant to the judgment of a state court is warranted "only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To maintain a federal habeas petition, Laneri must have been deprived of some protected liberty interest guaranteed by the Constitution or law of the United States. *Id*. Furthermore, Laneri was required to exhaust applicable remedies available through the courts of the State of Mississippi before he could properly file a federal habeas petition. 28 U.S.C. § 2254(b). Laneri argues the offense of which he stands convicted is parolable, hence MDOC, by misinterpreting Mississippi law, has violated a protected liberty interest in his right to receive a parole eligibility date. In a bootstrap argument, Laneri argues MDOC's erroneous construction of Mississippi parole law results in violation of ex post facto, double jeopardy and due process rights. The fallacy in the argument is that it presupposes he has a protected liberty interest in parole. It is well-established that he does not.

The Mississippi parole statute and other provisions surrounding the availability of parole confer absolute discretion to the Parole Board and are permissive, rather than mandatory, in nature. *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987). The Mississippi Parole Statute, MISS. CODE ANN. § 47-7-3, provides that:

---

²Exhibits attached to the petition show Laneri had pled guilty and served time in prison for a conviction of burglary of a dwelling in 1997. [1-2, p. 2], [1-3], [1-4], [1-5], [1-6, p. 2], [1-7].

> Every prisoner . . . whose record of conduct shows that such a prisoner has observed the rules of the department and who has served not less than one fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term of thirty (30) years or more, or, if sentenced for the term of natural life of such prisoner, has served not less than ten (10) years of such life sentence, *may* be released on parole . . .

(emphasis added). There is no constitutionally protected liberty interest in the right to parole in Mississippi. *Id*. In *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984), the Fifth Circuit stated that this statute does not create any constitutional interest in parole "to which procedural due process considerations attach." The right to parole dictated by this Mississippi statute is purely discretionary, and similar conclusions have been reached by the federal courts. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). For this court to protect Laneri's interest in obtaining a parole eligibility date, he must have more than a mere expectation of parole, he must "have a legitimate claim of entitlement to it." *Id.* The Mississippi Parole Statute provides no legitimate claim of entitlement to parole. Since he has no constitutionally protected right to parole, Laneri's complaint that he has not been given a parole eligibility date cannot form the basis for federal habeas relief. Laneri's habeas petition is therefore subject to dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6), FED.R.CIV.P., as it appears beyond a doubt that he "can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 442 U.S. 41, 45-46 (1957)).

Even if his petition did state a constitutional violation, the pleadings and documents on file clearly show that prior to filing for federal habeas relief, Laneri failed to exhaust state court remedies as required by 28 U.S.C. § 2254(b). Before one may file a federal habeas petition, he

must first present his claims to the state's highest court in a procedurally proper manner and give the state court a fair opportunity to pass upon them.  *O'Sullivan v. Boerckel*, 526 U.S. 838,845 (1999).  *See also*, *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).

The Fifth Circuit has recognized that the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. § 99-39-1, *et seq*., provides an available remedy for post-conviction relief to a prisoner claiming he is unlawfully incarcerated.  *See Lott v. Murphy*, 20 F.3d 468 (5th Cir. March 24, 1994) (not selected for publication) (citing *Milam v. State*, 578 So.2d 272, 273 (Miss. 1991) which held a claim concerning eligibility for parole is cognizable under the Mississippi Post-Conviction Collateral Relief Act.)  Under MISS. CODE ANN. § 99-39-5(1)(h), one claiming his sentence has expired, or that he is unlawfully held may file to vacate, set aside or correct the judgment or sentence, or for out-of-time appeal.  Laneri's claim appears to fall within this provision.  Indeed, he filed suit in the Circuit Court of Greene County challenging MDOC's failure to give him a parole eligibility date.  He did not prevail in that court [1-13], and then did not properly pursue the matter to the Mississippi Supreme Court, thereby failing to exhaust his state remedy.  This is the critical distinction between Laneri and the Plaintiff (Ray) in the factually similar case of *Ray v. State*, 104 So.3d 171 (Miss. Ct. App. 2012) which Laneri repeatedly cites.  Because Ray followed through with his appeal and received the relief he sought from the Mississippi Court of Appeals, he had no need to pursue federal habeas relief.  Laneri's failure to complete the appeal process to allow the State high court to pass on the issue he presents here requires dismissal of his Petition for failure to exhaust.

## **RECOMMENDATION**

Based on the Petition, the documents on file, and relevant legal authority, the undersigned recommends that Respondent's motion to dismiss be granted, and Petitioner's

Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice for failure to state a claim upon which relief can be granted, or alternatively, that it be dismissed without prejudice for failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this 9th day of September, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE