IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HENRY J. LANERI III #R0205** | § | **PETITIONER** |
| | § | |
| **V.** | § | **CIVIL NO.: 1:13cv238-HSO-RHW** |
| | § | |
| **CHRISTOPHER EPPS** | § | **RESPONDENT** |

<u>**ORDER OVERRULING PETITIONER'S OBJECTION AND
ADOPTING REPORT AND RECOMMENDATION**</u>

Before the Court is Petitioner Henry J. Laneri III's Objection [15] to the Report and Recommendation [13] of United States Magistrate Judge Robert H. Walker entered in this case on September 9, 2013. Respondent Christopher Epps filed a Notice [16] of Intention Not to File Formal Response to Petitioner's Objection on September 24, 2013. Having considered the Objection, the Report and Recommendation, the parties' submissions, and relevant legal authorities, the Court is of the opinion that Petitioner Henry J. Laneri III's Objection should be overruled, and the Magistrate Judge's Report and Recommendation should be adopted as the opinion of the Court.

I. <u>FACTS AND PROCEDURAL BACKGROUND</u>

Petitioner Henry J. Laneri III ("Petitioner") pled guilty to Possession of a Controlled Substance in the Circuit Court of Hancock County, Mississippi, on June 13, 2011. Pet. for Writ of Habeas Corpus, Exhibit "B" [10-2]. Petitioner was sentenced to serve eight (8) years in the Mississippi Department of Corrections ("MDOC"). *Id.* Petitioner remains incarcerated at this time and was not provided a date upon which he would become eligible for parole. Objection(s) Mot. 3 [15].

1

On June 4, 2013, Petitioner filed his Petition for Writ of Habeas Corpus ("the Petition") asserting that he is being held illegally by the State of Mississippi and seeking release from MDOC custody. Pet. for Writ of Habeas Corpus 26. Petitioner reasons the MDOC characterized two prior burglary incidents as violent crimes when, according to Petitioner, the incidents were non-violent. *Id*. at 11-12. Petitioner argues he was not given a parole eligibility date because of this incorrect characterization and is now being falsely imprisoned. *Id*. at 11-21. Petitioner contends he unsuccessfully sought relief through Mississippi's Administrative Remedy Program ("ARP") and state court system, but his appeal to the Mississippi Supreme Court was dismissed for failure to pay the costs of appeal. *Id*. at 22-25.

Respondent Christopher Epps ("Respondent") moved to dismiss the Petition on July 9, 2013. Mot. to Dismiss Pet. for Writ of Habeas Corpus 1 [10]. Respondent asserted Mississippi law does not recognize parole as a constitutional right the violation of which will give rise to habeas relief, such that the Petition should be dismissed with prejudice. *Id*. at 3-4. Respondent alternatively argued the Petition should be dismissed without prejudice due to Petitioner's failure to exhaust the remedies available to him under Mississippi law. *Id*. at 5-7.

On September 9, 2013, Magistrate Judge Robert H. Walker entered a Report and Recommendation recommending dismissal of the Petition. Report and Recommendation 2-4. The Court finds that the Report and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards. As discussed in more detail below, the Court overrules Petitioner's

2

Objection and adopts the Report and Recommendation's findings and conclusion related to the exhaustion issue as the opinion of this Court. Respondent's Motion to Dismiss will be granted, and the Petition will be dismissed without prejudice.

## II. DISCUSSION

A.  Standard of Review

Because objections have been filed to the Magistrate's Report and Recommendation [13-1], this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made"). The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  Analysis

The Magistrate Judge recommended dismissal of the Petition on the basis that Petitioner does not have a constitutionally-protected liberty interest in parole under Mississippi law, and that, alternatively, Petitioner failed to exhaust all state court remedies prior to seeking federal habeas relief. Petitioner objects arguing Mississippi Code § 47-7-3 contains "mandatory language" giving rise to a constitutionally protected liberty interest in receiving a parole eligibility date.

3

Petitioner further objects contending he exhausted all remedies available to him in the courts of the State of Mississippi and points to various filings he made with the Circuit Court of Greene County, Mississippi, and the Mississippi Supreme Court.

Having carefully considered the Report and Recommendation and Petitioner's Objection related to the exhaustion issue, the Magistrate Judge correctly concluded Petitioner has not exhausted the remedies available to him in the courts of the State of Mississippi. After unsuccessfully seeking relief through the ARP, Petitioner sought review of the ARP decision in the Circuit Court of Greene County, Mississippi, which affirmed. Objection(s) Mot. Exs. "2," "4(a-k)," and "5" [15-3]. The circuit court subsequently denied Petitioner's request to proceed *in forma pauperis* with an appeal to the Mississippi Supreme Court. Objection(s) Mot. Ex. "5" [15-3]. Petitioner then filed a notice of appeal with the Mississippi Supreme Court, but the appeal was dismissed after Petitioner failed to pay the costs of appeal. Objection(s) Mot. Exs. "7" and "8" [15-3]. Citing Petitioner's failure to pay those same costs, the Mississippi Supreme Court later denied Petitioner's letter request to reinstate the appeal. Objection(s) Mot. Ex. "9" [15-3].

Petitioner's submissions reveal that Mississippi's appellate courts have not considered the constitutional issues he raises in his request for relief. "A claim concerning a Mississippi prisoner's eligibility for parole is cognizable under the state post-conviction relief act." *Lott v. Murphy*, 20 F.3d 468, 1994 WL 122125, *1 (5th Cir. March 24, 1994) (not selected for publication) (citing *Milam v. Mississippi*, 578 So. 2d 272, 273 (Miss. 1991)). Petitioner has not alleged facts indicating the

relief afforded through Mississippi's post-conviction relief act is not available to him at this time. Miss. Code Ann. § 99-39-5. Because Petitioner has failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of [Mississippi's] established appellate review process[,]" Petitioner has not met the exhaustion prerequisite to seeking habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The Court therefore finds that Petitioner's Objection [15] challenging the Magistrate Judge's Report and Recommendation is not well taken or supported by the record, and should be overruled. With respect to the exhaustion issue, the Report and Recommendation [13] correctly finds the applicable facts and applies the governing legal standards. The Court concludes that the Report and Recommendation's findings and conclusion related to the exhaustion issue should be adopted as the opinion of the Court. Respondent's Motion [10] to Dismiss should be granted to the extent it seeks dismissal without prejudice of the Petition for Petitioner's failure to exhaust all state court remedies available to him.[1]

### III. CONCLUSION

The Court, after thorough review and consideration of the Petition [1], Respondent's Motion to Dismiss [10], the related pleadings, the findings in the Report and Recommendation [13], Petitioner's Objection [15], and the record as a

---

[1] The Court's conclusion with respect to the exhaustion issue precludes the need to reach Petitioner's Objection pertaining to the issue of whether he has a constitutionally protected liberty interest in receiving a parole eligibility date. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

5

whole, finds that Petitioner's Objection is not well taken or supported by the record, and should be overruled. The Court further finds that the Magistrate's Report and Recommendation [13] should be adopted as the finding and conclusion of the Court with respect to the exhaustion issue.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner's Objection [15] to the Report and Recommendation [13] entered on September 9, 2013, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Report and Recommendation [13] of United States Magistrate Judge Robert H. Walker entered on September 9, 2013, is adopted as the finding of this Court with respect to the exhaustion issue.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent's Motion to Dismiss [10] is **GRANTED**. A separate judgment will be entered in accordance with this order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of November, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE